**UNITED STATES of America,**
**Appellee,**

v.

**John EVANS, Defendant-Appellant.**

No. 225, Docket 27541.

United States Court of Appeals
Second Circuit.

Argued Jan. 24, 1963.

Decided Jan. 31, 1963.

Theodore Krieger, New York City, for defendant-appellant.

Michael J. Gillen, Asst. U. S. Atty., Eastern Dist. of New York (Joseph P. Hoey, U. S. Atty., on the brief), for appellee.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Appellant John Evans was tried before a jury for the crime of conspiracy to violate the federal narcotics law, 21 U.S. C. § 174. The proof adduced by the Government showed a meeting between the defendant and one Brown, a narcotics agent, which was arranged by James Taylor, an alleged co-conspirator. A sale of narcotics to Brown was consummated with the assistance of yet a third co-conspirator, one Rodriguez. The jury returned a verdict of guilty, and the defendant was sentenced to seven years imprisonment.

On appeal, defendant's sole attack on the proceedings below is directed at the instructions given by the trial judge concerning the elements of proof requisite to a conviction under the narcotics law. The judge charged:

"* * * the indictment says that they had arranged to sell an im-

ported drug contrary to law * *. The possession of the drug sold in violation of the law carries with it * * * the presumption that it was imported in the United States in violation of the law * * *. [I]f anyone is charged with conspiring to sell narcotics that was unlawfully imported, then in view of the statutory possession the law carries the presumption that it was imported contrary to law, and any person who may be in the conspiracy * * * is just as guilty as the one who had it in his hands."

 We find that the trial judge committed error in instructing the jury that possession of narcotics by one of the co-conspirators creates a "presumption" that the goods were unlawfully imported, making other co-conspirators "just as guilty" as the possessor. This instruction, without more, for all practical purposes, amounted to a directed verdict in favor of the Government should the jury merely find that one of the co-conspirators had possession of the narcotics. Such was certainly a misapplication of the language in 21 U.S.C. § 174 which provides that "possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." This Court recently held, construing the statutory provision, that "once the Government has proved possession of what in fact was a narcotic drug, it need do no more to *get* to the jury, which *may* convict unless the defendant explains the possession to its satisfaction." United States v. Mont, 306 F.2d 412, 416 (2d Cir., 1962). In short, a finding of possession authorizes conviction, but does not compel it. It permits the jury to infer that all of the elements requisite to conviction were proved by the Government to their satisfaction. Since the jury, despite proof of possession, may find that one of those elements was lacking, it is incumbent upon the trial judge not only to explain properly the function of the statutory "authorization" but also to instruct on

each and every element—unlawful importation, knowledge, and facilitation or sale—of the offense charged. Cf. United States v. Agueci, 310 F.2d 817 (2d Cir., 1962); United States v. Massiah, 307 F.2d 62 (2d Cir., 1962).

We are grateful to Theodore Krieger, Esq., who, as assigned counsel, has vigorously represented appellant in the preparation and presentation of this appeal.

Reversed and remanded.