**UNITED STATES of America**

v.

**Samuel MILLER.**

**Crim. A. No. 21099.**

United States District Court
E. D. Pennsylvania.

May 27, 1963.

Drew J. T. O'Keefe, U. S. Atty., Joseph H. Reiter, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Martin Vinikoor, and Howard L. Criden, of Vinikoor, Fein, Criden & Johanson, Philadelphia, Pa., for defendant.

BODY, District Judge.

The defendant, Samuel Miller, was arrested on January 6, 1962 and indicted on May 17, 1962 charged with conspiracy, aiding and abetting embezzlement, and violation of the Federal Bank Robbery Act, (18 U.S.C. § 2113(c)). On May 28, 1962 a motion to dismiss the indictment was filed and after argument, my Brother, Judge Allan K. Grim entered an order on January 7, 1963 refusing to dismiss the indictment.

On June 27, 1962 defendant was arraigned following which on August 28, 1962 an order granting a continuance of his trial was entered by this Court. Later a motion for a bill of particulars was filed on March 29, 1963.

■ Defendant contends that his basis for avoiding the ten-day requirement was a reservation of the right to file a bill of particulars which appears in his motion for continuance in paragraph 5, which is as follows:

"5. In the event that the hearing is had on defendant's Motion to Dismiss the indictment and it is refused, the defendant will necessarily have to file a motion for a bill of particulars and/or a motion for a severance, in accordance with Federal Rule of Criminal Procedure 14."

Rule 7(f) Federal Rules of Criminal Procedure provides:

"* * * A motion for a bill of particulars may be made only within ten days after arraignment or at such other time before or after arraignment as may be prescribed by rule or order. * * *"

■ As we read the motion for continuance there was no reservation of the right to file a bill of particulars requested by defendant beyond the ten-day period, nor did the Court grant additional time beyond the ten-day period. The defendant did not file his motion until two (2) months and twenty-two (22) days after the denial of the motion to dismiss the indictment. It is to be noted that defendant did not file his motion for a bill of particulars within ten days of his arraignment on June 27, 1962.

Accordingly, in my opinion, the motion for the bill of particulars was filed too late and must be refused. United States v. Taylor, 25 F.R.D. 225, 226 (E. D.N.Y.1960); reversed on other grounds as to one of three cases, United States v. Evans, 312 F.2d 556 (2d Circ. 1963).