**UNITED STATES of America,
Appellee,**

v.

**John MONTICALLOS, Appellant.**

**No. 458, Docket 27810.**

United States Court of Appeals
Second Circuit.

Argued April 29, 1965.

Decided July 19, 1965.

———◆———

Joshua N. Koplovitz, New York City (Anthony F. Marra, The Legal Aid Society, New York City, on the brief), for defendant-appellant.

Jay Gold, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., and Bernard W. Nussbaum, Asst. U. S. Atty., Southern District of New York, on the brief), for appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

On November 30, 1960 Federal Narcotics Agents, Ward and Bailey, held a pre-arranged meeting with an informant at about 11:15 in the morning near 96th Street and Broadway in New York City. The informant told them that he had just come from the home of John Monticallos at 215 West 101st Street, Apartment 323, that Monticallos lived there with his wife and that he had at that moment about two ounces of heroin concealed under the bathtub in his apartment. The informant also told them that Monticallos was about to sell some narcotic drugs to a girl, who was to arrive at Monticallos' apartment momentarily, and that, if the agents hurried, they could get there while the transaction was taking place. The informant added that when he left the apartment, John Monticallos was in bed; he also told the agents that near apartment 323 on the third floor there was a stairwell beside the elevator where the agents could hide while waiting for the girl to arrive for the purchase of narcotics.

About a week prior to this occasion the informant had told the agents that he, himself, was a user, that he had purchased narcotics from several persons, whom he named, and that on several occasions he had purchased them from John Monticallos. Some of the information which the informant gave the agents the preceding week about persons other than Monticallos was checked and found to be accurate, though no arrests of such others had been made by November 30, 1960.

Following the informant's advice on the morning of November 30th, the Agents, Ward and Bailey, joined by Federal Narcotics Agent Coursey, went forthwith to Monticallos' apartment. As they stepped from the elevator on the third floor they saw a girl at the entrance door to apartment 323. They heard her knock; they also heard a female voice from within the apartment ask who was there and they heard the girl answer "Lucky." They also heard the voice of the woman inside ask what she wanted, and they heard Lucky respond, "Is John there?" The door to the apartment was then opened. Lucky entered and Agents Ward, Bailey and Coursey, in that order, entered closely after her, pushing her ahead. The entrance door led into a small vestibule where the agents stopped. They observed through a door at the right a man on a bed in a livingroom bedroom. Agent Ward identified himself as a Federal Narcotics Agent. He asked the man his name and the man said it was John Monticallos. Ward then placed Monticallos under arrest. The agents searched the apartment and found the heroin under the bathtub.

There are two grounds of appeal. The first is that the arrest of the appellant without a warrant was illegal for lack of probable cause and for improper entry and, therefore, the search and seizure made incidentally to it were unlawful, requiring the suppression of the evidence thus acquired. The second is that the trial judge erred in charging the jury that the sole issue before them was whether or not the accused possessed the drug on November 30, 1960.

With regard to the first ground we are satisfied that Judge Bryan's denial of the pre-trial motion to suppress and Judge Cashin's ruling admitting the evidence gained through the search and seizure were correct. When the agents crossed the threshold of Monticallos' apartment in the wake of Lucky, they had no specific reason to doubt or disbelieve the informant and they knew that the part of the information he had given them concerning persons other than Monticallos was true, that the location of the stairwell and the door to Apartment 323 was as he had described them; that a girl was seeking entrance to the apartment; that there was inside a woman and a man named "John." Coupled with proven accuracy of the informer's information regarding other sellers, there was sufficient confirmation of the informant's story to warrant a man of reasonable caution to believe that what the informant had said was true and that Monticallos was then and there

illegally in possession of narcotics. The contention that the entry although peaceable was unlawful for lack of an announcement, scarcely sustainable in view of United States v. Garnes, 258 F.2d 530 (2d Cir. 1958); and Leahy v. United States, 272 F.2d 487 (9th Cir. 1959), cert. denied, 364 U.S. 945, 81 S.Ct. 465, 5 L.Ed.2d 459 (1961), was not raised below and will not be considered here, cf. Woo Lai Chun v. United States, 274 F.2d 708 (9th Cir. 1960). There was probable cause for the arrest, Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), and, as the arrest was legal, the search and seizure which brought to light the concealed heroin was also legal. Ker v. State of California, 374 U.S. 23, 41, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Abel v. United States, 362 U.S. 217, 234, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960).

 With regard to the second ground of appeal, there is no doubt that if all of the essential elements of the offense as charged in the indictment as a violation of Title 21 U.S.C. § 173 and § 174 had been contested in this case, Judge Cashin's charge [1] would have been inadequate in its exposition and explanation of the statutes and therefore erroneous. Under the statute possession of narcotics authorizes conviction but does not compel it. United States v. Davis, 328 F.2d 864 (2d Cir. 1964); United States v. Evans, 312 F.2d 556 (2d Cir. 1963); United States v. Mont, 306 F.2d 412 (2d Cir.) cert. denied 371 U.S. 935, 83 S.Ct. 310, 9 L.Ed.2d 272 (1962). No exception was taken to the charge, however, and the matter is before us on a claim of plain error. The error asserted here is similar to that found in United States v. Evans, supra, in which this court, in discussing the effect of the "possession clause" of § 174, said:

"It permits the jury to infer that all of the elements requisite to conviction were proved by the Government to their satisfaction. Since the jury, despite proof of possession, may find that one of those elements was lacking, it is incumbent upon the trial judge not only to explain properly the function of the statutory 'authorization' but also to instruct on each and every element— unlawful importation, knowledge, and facilitation or sale—of the offense charged". 312 F.2d at 557.

In the present case, however, the court's charge is saved from reversible error because, unlike the situation in the Evans case, the defendant Monticallos conceded through the statements made by his counsel that if the jury found he had possession of the drugs, the essential elements of the offense were admitted to be present. In summation defense counsel said,

"The drugs were there and there is no question about it that they are the drugs charged in the violation; it is a violation of law to have possession of these. All these horrible things we are not worried about; we are worried about one thing, whether or not John had custody, possession and control of these drugs."

"Now, ladies and gentlemen of the jury, there is only one question and that question is possession. I say to you that the government has not proved John Monticallos had possession of that drug, * * * "

These statements, coupled with the absence of any exception to the court's instruction that if the jury was convinced beyond a reasonable doubt that Monticallos had possession of the drugs, it was their duty to convict him, demonstrate that the court's charge was completely

---

1. Pertinent portions of Judge Cashin's charge are as follows:
 "Your only duty in this case is to decide one question, namely, did the defendant possess this drug on November 30, 1960? That is the only question you have to decide, that and that alone."

"The issues, as I have told you before, that are before you are whether you are convinced beyond a reasonable doubt that the defendant unlawfully had possession of heroin on November 30, 1960, * * * "

consistent with the defendant's own claims at the trial.

This was something more than the inadvertence of counsel in failing to take an exception to a charge which contained an error so gross as to destroy the accused's defense and work a clear injustice. The gist of Monticallos' defense was that, although he conceded that the drugs were, in terms of the statute, unlawfully there in his apartment, they were not there in his possession but in that of his common law wife. The jury disbelieved him and found him guilty. Under the circumstances of the case we do not find that there was plain error and the conviction below is affirmed.