**UNITED STATES of America, Appellee,**

v.

**Russell L. SIMPSON, Defendant-Appellant.**

**No. 120, Docket 28713.**

United States Court of Appeals Second Circuit.

Argued Nov. 3, 1965.

Decided Nov. 24, 1965.

Roger J. Hawke, New York City, (Robert M. Morgenthau, U. S. Atty., for Southern District of New York and Robert G. Morvillo, Asst. U. S. Atty., New York City, on the brief), for appellee.

William D. Popkin, New York City (Anthony F. Marra, New York City, of counsel), for appellant.

Before KAUFMAN and HAYS, Circuit Judges, and TIMBERS, District Judge.*

PER CURIAM:

This is an appeal from a conviction for violation of 21 U.S.C. §§ 173, 174 (1958).

Appellant claims that the envelope of heroin found in his car should not have been admitted as evidence against him because the arrest to which the search of his car was incidental was made without probable cause.

The arrest was made upon the basis of information provided by one Norton. Norton's reliability was established by his having given agents of the narcotics bureau detailed information about several narcotics violators and their activities, which information was accurate to the personal knowledge of the agents.

Norton also provided the agents with precise information as to where appellant could be found, his mode of living, etc., all of which checked out. In these circumstances, the agents were justified in assuming that Norton's information about appellant's connection with narcotics was also correct. There was probable cause for the arrest. See United States v. Smith, 308 F.2d 657, 662–663 (2d Cir. 1962), cert. denied, 372 U.S. 906, 83 S.Ct. 717, 9 L.Ed.2d 716 (1963).

Moreover appellant, apparently under the mistaken belief that there were no narcotics in his car, himself first suggested to the agents that they search the car. It would be hard to find clearer evidence of voluntary consent. See United States v. Dornblut, 261 F.2d 949 (2d Cir. 1958), cert. denied, 360 U.S. 912, 79 S.Ct. 1298, 3 L.Ed.2d 1262 (1959).

The Court wishes to express to William D. Popkin, Esq., its gratitude for his conscientious and able handling of this case.

Affirmed.

KAUFMAN, Circuit Judge (concurring):

The Court properly affirms appellant's conviction for violating 21 U.S.C. §§ 173, 174 (1958). The officers who arrested Simpson acted with probable cause. They adequately established the reliability of the informer's statement by personally verifying its details. United States v. Monticallos, 349 F.2d 80 (2d Cir. 1965). Thus, as an incident to a lawful arrest, the search of Simpson's car was permissible. Bartlett v. United States, 232 F.2d 135 (5th Cir. 1956); cf. Crawford v. Bannan, 336 F.2d 505 (6th Cir. 1964).

I would base the affirmance on this ground and see no need to pass upon whether Simpson voluntarily consented to the search of his automobile.

* Chief Judge of the District Court of Connecticut, sitting by designation.