**UNITED STATES of America,
Appellee,**

v.

**Sol COHEN, Appellant.**

**No. 889, Docket 34729.**

United States Court of Appeals,
Second Circuit.

Argued July 9, 1970.

Decided Sept. 2, 1970.

John R. Wing, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., for the Southern District of New York, John H. Doyle, III, Asst. U. S. Atty., of counsel) for appellee.

Before FRIENDLY, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Cohen appeals from his conviction after the trial judge refused to charge the jury on the defense of entrapment. We reverse.

Cohen and his accountant, Saltzman, were charged with two counts in connection with a payment made by Cohen in 1967 to Internal Revenue Service Agent Seidemann who had been completing an audit of the 1963–1964 tax returns of Cohen and his wife. Count one charged a bribe with intent to influence Seidemann's official acts, in violation of 18 U.S.C. § 201(b); count two charged the lesser offense of a gratuitous payment for an official act, in violation of 18 U.S.C. § 201(f).

After a jury trial in the United States District Court for the Southern District of New York, Honorable C. G. Neese, *Judge*, presiding, Saltzman was acquitted on both counts, and Cohen was acquitted on count one and convicted on count two. The trial judge submitted the defense of entrapment to the jury, but specifically charged that entrapment was a valid defense only to the bribery count, not to the gratuity count. On February 10, 1970, Cohen was sentenced to imprisonment for a year and a day.

The government, for the first time on appeal, argues that there was insufficient evidence of entrapment to require the submission of the entrapment defense on either count.[1] It contends alternatively that there was insufficient evidence of Seidemann's induce-

Lloyd A. Hale, New York City (Louis Bender, New York City, of counsel), for appellant.

1. The government, quite properly, abandons the trial court's distinction as to the availability of the entrapment defense on count one and not on count two, which was apparently based on the additional requirement in the bribery count of proving specific intent to influence an official act. Entrapment may be a successful defense to a charge of a gratuitous payment under 18 U.S.C. § 201(f), even though intent to influence an official act is not a necessary element to the crime.

ment of the payment, see, e. g., United States v. Barash, 412 F.2d 26, 30 (2d Cir. 1969), or that there was no evidence tending to negate Cohen's propensity to make the payment when the opportunity arose, see, e. g., United States v. Henry, 417 F.2d 267, 269–270 (2d Cir. 1969); United States v. Bishop, 367 F.2d 806, 810 (2d Cir. 1966).

■■■■ Crediting the trial testimony most favorable to the defendant, as we must when considering whether the evidence requires that the entrapment defense be submitted to the jury, United States v. Dehar, 388 F.2d 430, 433 (2d Cir. 1968), we find that there was sufficient evidence of inducement [2] and that there was evidence negating Cohen's propensity to make the payment.[3] United States v. Riley, 363 F.2d 955, 958–959 (2d Cir. 1966). It is therefore unnecessary at this time to consider the extent

of a defendant's burden in showing inducement, compare, Sagansky v. United States, 358 F.2d 195, 203 (1 Cir.), cert. denied, 385 U.S. 816, 87 S.Ct. 36, 17 L. Ed.2d 55 (1966), with United States v. Guidice, 425 F.2d 886 (2d Cir. April 29, 1970); United States v. Pugliese, 346 F.2d 861, 863 (2d Cir. 1965); United States v. Sherman, 200 F.2d 880, 882 (2d Cir. 1952); or to decide whether we should abandon the separate elements of the entrapment defense (inducement and propensity) in favor of the unitary approach taken by the United States Court of Appeals for the First Circuit. Kadis v. United States, 373 F.2d 370, 373 (1 Cir. 1967). The trial court, therefore, erred in denying Cohen's request to submit the entrapment defense to the jury on count two.

■■■■ Cohen argues that the jury's verdict of acquittal on count one pre-

2. Evidence of inducement need show only that the government agent initiated the payment, not the amount of pressure the agent applied. United States v. Riley, 363 F.2d 955, 958 (2d Cir. 1966). Here the government agent, Seidemann, insisted on meeting personally with Cohen in connection with the audit, despite Cohen's efforts to make available all the necessary financial papers through his accountant, Saltzman. Saltzman, who was present at the March 2, 1967 meeting, at which the payment to Seidemann was offered, testified that it was evident to him that Seidemann was "leading Cohen on" and trying to get something from him. Cohen and Saltzman both testified that on March 2, 1967, Seidemann repeatedly told Cohen he had problems with certain claimed expenses and deductions and asked Cohen what Cohen wanted Seidemann to do about the problems. Cohen might well have interpreted such comments as an invitation to make an illicit payment. Seidemann's testimony largely corroborated the defendants' account of the March 2, 1967 meeting, although he offered an ingenuous interpretation of his comments. This interpretation of Seidemann's behavior on March 2, 1967 was put in question by the evidence that Seidemann had previously worked as an undercover agent for the Inspection Division of the Internal Revenue Service, that he had been assigned to the Cohen audit after it had been 90% completed by another agent,

and that Seidemann had been wired with a recorder and transmitter before the March 2, 1967 meeting.

3. "[T]he production of any evidence negating propensity, whether in cross-examination or otherwise, requires submission to the jury, however unreasonable the judge would consider a verdict in favor of defendant to be." United States v. Riley, 363 F.2d 955, 959 (2d Cir. 1966).

Here Cohen testified that he resisted Seidemann's repeated invitations to make an illicit payment, insisting that Seidemann should treat the alleged improper deductions as he was supposed to treat them. He testified that he only yielded to Seidemann's invitations when he finally realized that a "pay-off" was the only way "to get rid of" Seidemann. Moreover, Cohen's willingness to let Saltzman handle the audit with Seidemann, and his agreement to meet personally with Seidemann only after Seidmann's persistent requests, tend to negate Cohen's predisposition to settle his tax problems illicitly. In addition, an Internal Revenue Service agent who audited Cohen's 1962 returns testified that at the completion of the audit he expressed by letter his appreciation to Mr. Saltzman for his cooperation in the audit. As to this previous audit there was no hint that Cohen sought to make a payment to enhance the settlement. See Kadis v. United States, 373 F.2d 370, 374 (1 Cir. 1967).

cludes a new trial on count two, since Cohen admitted making the payment, so that the jury must have acquitted Cohen on count one because it found that the entrapment defense had not been overcome. We disagree. We cannot speculate as to the reasons for the jury's verdict on count one. The jury may have had a reasonable doubt as to whether Cohen intended to influence Seidemann's official acts (a doubt fatal to a conviction on count one but not on count two).[4] See United States v. Polansky, 418 F.2d 444, 446 (2d Cir. 1969). Moreover the jury may have acquitted on the bribery count because it felt that its verdict of guilty on the lesser charge of a gratuity would insure sufficient punishment. See United States v. Carbone, 378 F.2d 420, 422–423 (2d Cir.), cert. denied, 389 U.S. 914, 88 S.Ct. 242, 19 L.Ed.2d 262 (1967). Therefore, Cohen's acquittal on count one does not require the direction of a verdict of acquittal on count two.

Since we reverse because of the trial court's failure to submit the entrapment defense to the jury, it is unnecessary to reach Cohen's other challenges to the court's charge.

Reversed.

---

4. Cohen's testimony as to his intent when he made the payment to Seidemann is somewhat confused. Cohen seemed to deny that he hoped the payment to Seidemann would diminish any tax deficiency which might be assessed.