**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bobby J. YOUNG, Defendant-Appellant.**

**No. 71-1589.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 20, 1972.

Decided Oct. 25, 1972.

Walter D. Cummings, Homewood, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Mary L. Sfasciotti, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, and CUMMINGS and SPRECHER, Circuit Judges.

DUFFY, Senior Circuit Judge.

Defendant, a former postal employee, was indicted and convicted for violation of 18 U.S.C. § 1709, embezzling mail while in the employ of the United States Postal Service.

Prior to trial, at a hearing, defendant moved to suppress evidence obtained from his apartment by officers of the Chicago Police Department on the grounds that the search was made without a warrant; that a warrant should have been obtained; that the search was unreasonable; and, that such search was not conducted incident to arrest. This motion was denied by the District Judge.

On December 9, 1970 at about ten o'clock p. m. in response to a telephone call summoning the police, two Chicago police officers arrived at an apartment building in Chicago, Illinois. The complaint had been lodged by a Mrs. Delgado, the manager of the apartment building, who had discovered mail in the garbage container on the third floor of the building. When the police officers arrived, Mrs. Delgado went to the third floor and retrieved the mail she had discovered. She told the policemen that a mailman lived in apartment 218.

The police officers and Mrs. Delgado went to the defendant's apartment. Officer Brown testified that the police knocked on the apartment door which was opened by the defendant. The officers identified themselves and told defendant that mail had been found in the building.

Officer Brown testified that defendant stated: "Well, come into the house . . . Come into my apartment, take a look around, I have nothing to hide." The officers then entered the apartment. They noticed, in plain sight, a dresser and a bed with mail strewn upon both pieces of furniture. The officers seized the items of mail.

After the police officers had entered the apartment, defendant telephoned police headquarters and complained that police had entered his apartment. Officer Brown testified that defendant made the call after the search had been completed and after the mail had been discovered.

During the search, one of the officers attempted to look inside of a drawer, but was stopped by defendant, who said: "O.K., stop right there". The officer complied.

After completion of the officers' search, defendant Young was taken into custody and advised of his *Miranda* rights. Defendant alleged at trial that at this time he expressed his desire to talk to legal counsel.

Later that evening, he was released to the custody of Investigative Aide Matthews of the United States Postal Service for questioning, after an appropriate *Miranda* warning was given. This questioning by Postal Authorities was continued the following day at the main post office whereupon the defendant was advised again of his constitutional rights. Defendant then signed a waiver of these rights and testified with respect to the police search. According to Inspector Matthews, who testified at a subsequent motion to suppress hearing, the defendant related that the police officers had entered his apartment at his invitation and with his consent.

The District Court denied defendant's motion to suppress and found that the officers had probable cause to investigate in light of the information they had received from Mrs. Delgado. The Trial Judge found that defendant gave his consent, although he later attempted to rescind consent after the officers had discovered the incriminating evidence which was in plain view.

On appeal, defendant asks us to overturn the findings of fact made by the District Court regarding the issue of consent. We are here involved with

the credibility of witnesses. Appellate courts are very reluctant to overturn findings of trial courts involving the issue of consent, because a question of findings of fact is involved. United States v. Jordan, 399 F.2d 610 (2nd Cir., 1968), cert. denied 393 U.S. 1005, 89 S.Ct. 496, 21 L.Ed.2d 469 (1968). Byrd v. Lane, 398 F.2d 750 (7 Cir., 1968), cert. denied 393 U.S. 1020, 89 S. Ct. 625, 21 L.Ed.2d 564 (1969).

Here, two police officers testified that defendant consented to have the officers enter his apartment. Although Mrs. Delgado did not hear what defendant said to the officers, she did see defendant's gesture to the officers inviting them to come in.

■■ We are of the opinion that the trial court's finding that defendant's consent to enter the apartment was voluntarily given is correct; that such finding supported by overwhelming evidence at trial was not clearly erroneous. See United States v. Thompson 356 F.2d 216, 220 (2 Cir., 1965). Furthermore, the attempted recision alleged by defendant does not render the original consent invalid for the reason that at a later time the defendant realized that his acquiescence might incriminate him. United States v. Simpson, 353 F.2d 530 (2 Cir., 1965), cert. denied 389 U.S. 1008, 88 S. Ct. 571, 19 L.Ed.2d 605 (1967); United States v. Dornblut, 261 F.2d 949 (2 Cir., 1958).

Defendant relies on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966) for the proposition that the minimal due process requirements before entry upon private premises by police without a warrant require a *Miranda* type warning by the police before their entry to the effect that the party need not allow the officer to enter without a warrant. By proposing this argument, it seems defendant suggests that notwithstanding the fact consent is freely given, or even if probable cause exists, that all searches are *per se* invalid unless accompanied by warnings

similar to Fifth and Sixth Amendment warnings as to Fourth Amendment rights. The same arguments have been rejected by many courts. United States v. Cusumano, 429 F.2d 378 (2 Cir., 1970); Byrd v. Lane, supra; Gorman v. United States, 380 F.2d 158 (1 Cir., 1967).

In United States ex rel. Combs v. La-Vallee, 417 F.2d 523 (2 Cir., 1969), cert. denied 397 U.S. 1002, 90 S.Ct. 1150, 25 L.Ed.2d 413 (1970) the defense argued that officers failed to warn defendant's mother of her Fourth Amendment rights in the manner required in Miranda v. Arizona, supra; therefore, her consent to search her home was invalid. The Court stated 417 F.2d at pages 525–526, "To fulfill the purposes of the fourth amendment—controlling police conduct—it is unnecessary to adopt a rule that a search is per se invalid unless it is preceded by warnings as to fourth amendment rights. The courts are competent to determine whether valid consent has been given absent such warnings. A *per se* rule is undesirable because of its adverse effect on proper law enforcement efforts."

■ We reject defendant's assertion that no valid consent can be given absent an apprisement of his constitutional rights upon confrontation with the police. We are of the opinion that Byrd v. Lane, supra, and Gorman v. United States, supra, preclude any argument defendant can raise with respect to the necessity of *Miranda* type warnings as a necessary prelude to a valid, voluntary consent to search.

Postal Aide Matthews testified that on the evening of the arrest, he verbally advised defendant of his rights. The following day defendant told Matthews that he had consented to the search of his apartment. This statement was incorporated later in a summary prepared by Matthews and was introduced into evidence during the suppression hearing as well as at trial. The defendant at no time attempted to suppress such evidence before the District Court.

Defendant argues, for the first time on appeal, that this statement to Matthews, introduced without objection at the motion to suppress hearing, should not have been admitted because the police officers failed to grant him the opportunity to consult with counsel upon his request after arrest. Yet, no further questions were asked of defendant by the Chicago Police until the time he was released to the custody of the Postal Department.

The Postal Service, a distinct investigative entity, did, in fact, twice recite to defendant Miranda-type warnings, to which defendant indicated that he was aware of his constitutional rights. He then signed a waiver of his rights. During the Postal investigation, defendant failed to make a request for counsel and he proceeded to answer the questions of the investigators.

The statement made to Inspector Matthews by the defendant, thus apprised of his rights, was introduced at both the motion to suppress hearing and the trial without objection of defense counsel. Furthermore, it is evident from the findings of fact of the District Court that this statement was only used to substantiate the testimony of the three government witnesses who testified to the voluntary nature of his consent.

We are of the opinion that defendant's failure to object to the introduction of the statement on two different occasions before the trial court precludes him from raising an objection on appeal. Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). Furthermore, we find no *Miranda* violation by the introduction of the statement after defendant had been fully informed of his rights by the Postal inspectors, choosing to answer questions instead of invoking his right to remain silent and asking them for the assistance of counsel.

The judgment of the District Court is hereby

Affirmed.