■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ALDEN TALBOT, III, Appellant.— Appeal from a judgment of the County Court of Delaware County, rendered October 9, 1973, convicting defendant, on his plea of guilty, of the crime of criminal possession of a dangerous drug in the fifth degree. This appeal brings up for review an intermediate order denying defendant's motion to suppress the dangerous drugs found in an automobile operated by him which furnished the basis for his subsequent prosecution for the possession thereof. Traveling alone, defendant was stopped by a member of the State Police for a routine traffic check. According to this officer, his suspicions were aroused by defendant's apparent nervousness and fumbling actions before he produced a valid operator's license and registration. He testified that, in response to a request to search the vehicle, defendant said, "Sure, go ahead." At the officer's further request, defendant unzipped a duffle bag lying on the back seat, but balked at removing a brown paper bag within it and immediately began to roll up his window. He was not quick enough as the officer jammed his arm into the rapidly decreasing opening and ultimately secured a quantity of drugs from the paper bag. Defendant's version of this transaction was markedly different in several respects; the most significant of which was his assertion that he had remained mute when the officer requested to search his automobile. The trial court found that defendant had voluntarily consented to this search by opening the duffle bag and could not revoke that consent once it had been given. When a warrantless search is sought to be justified by consent, the prosecution carries the burden of proving that the consent was given voluntarily (Bumper v. North Carolina, 391 U. S. 543; People v. Whitehurst, 25 N Y 2d 389). A factual determination from the totality of the circumstances must be reached before it can be concluded whether the consent was freely given or was the product of duress or coercion, express or implied. Knowledge of a right to refuse consent is one of the factors which should be taken into account. (Schneckloth v. Bustamonte, 412 U. S. 218.) Although raised, this aspect of the case was not sufficiently developed at the suppression hearing. More importantly, it is not clear whether the trial court posited the officer's account of defendant's verbal assent to the request to search or, accepting the defendant's account, relied solely on his action in opening the duffle bag. For these reasons, determination of the appeal should be withheld and the matter remitted for an additional hearing and findings of fact, among which shall include whether consent was given to examine the contents of the brown paper bag containing the drugs. (People v. Manguso, 24 A D 2d 539; People v. Lombardi, 18 A D 2d 177, affd. 13 N Y 2d 1014.) Determination of the appeal withheld and case remitted to the County Court of Delaware County, for a further hearing and findings of fact. Herlihy, P. J., Sweeney, Kane and Main, JJ., concur; Cooke, J., dissents and votes to reverse in the following memorandum. Cooke, J. (dissenting): I dissent and vote to reverse on the law. Regardless of whether the trial court, in finding consent to search, credited the police officer's version of the facts or relied on the defendant's actions in opening the duffle bag, in either case there is no dispute that defendant balked at opening the brown paper bag contained therein and revealing its contents. Thus a question of law is squarely presented to this court — i.e., whether consent to a search, having once been

given, may be revoked prior to its completion.* The cases cited by the majority for the proposition that additional hearings and findings of fact are necessary here are clearly distinguishable. In *People* v. *Manguso* (24 A D 2d 539) an issue of fact was presented in an application for the return of seized goods and, no hearing having been held, the matter was remitted for a hearing and finding of fact. In *People* v. *Lombardi* (18 A D 2d 177, affd. 13 N Y 2d 1014) the lower court failed to write an opinion or otherwise state its findings of fact while granting a motion to suppress evidence; therefore, the matter was remitted for a finding of fact. By contrast, in the instant case, a hearing has been held and sufficient findings of fact made to facilitate intelligent appellate review. Turning to the merits, an apt analogy for analytical purposes may be found in the line of cases which permit a criminal defendant, who has received his *Miranda* warnings and waived his rights to silence and to counsel, to revoke that waiver, to refuse to answer any more questions and to insist upon the assistance of counsel (see *Miranda* v. *Arizona*, 384 U. S. 436, 473–474; cf. *People* v. *Hetherington*, 27 N Y 2d 242; *People* v. *Robles*, 27 N Y 2d 155; *People* v. *Arthur*, 22 N Y 2d 325). Indeed, the present situation presents an even more compelling case for permitting revocation of consent to search. While a defendant is required to be given *Miranda* warnings prior to any questioning, no such warnings are required when he is asked to consent to a search (*Schneckloth* v. *Bustamonte*, 412 U. S. 218, 227). Thus, a knowing and intelligent waiver of rights is more likely in the former situation than in the latter where a danger of unknowing acquiescence to a claim of lawful authority is present (see *Bumper* v. *North Carolina*, 391 U. S. 543; *People* v. *Whitehurst*, 25 N Y 2d 389; *People* v. *Overton*, 24 N Y 2d 522, 525). Therefore, if a revocation of consent to questioning is permitted despite a waiver of rights after *Miranda* warnings, revocation of consent to search should be permitted as well (cf. *Knecht* v. *Gillman*, 488 F. 2d 1136) so long as the search has not yet been completed (see *United States* v. *Young*, 471 F. 2d 109, 110, cert. den. 412 U. S. 929). In the instant case, by his actions, defendant revoked his consent to the search and, as such, the motion to suppress should have been granted.

---

* In *People* v. *Johns* (41 A D 2d 342, 343–344), this court recognized the doctrine of limited consent. There the defendant consented to a search of his automobile but not to a search of a tool box within it.