COMMONWEALTH *vs.* RICHARD J. WAHLSTROM.

Worcester. December 5, 1977. — April 27, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Search and Seizure.*

A warrantless search of a store with the consent of a clerk employed by the owner of the store was lawful where the clerk had a sufficient appearance of authority to give valid consent to the search. [117-118]

COMPLAINTS received and sworn to in the First District Court of Southern Worcester on February 21, 1976.

On appeal, the cases were tried in the Central District Court of Worcester by a jury of six before *George,* J.

*Michael A. Nigro* for the defendant.

*Martha Scannell,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant operated a store in Charlton at which he sold cigarettes. He was convicted by a jury of six in the Central District Court of Worcester of unlawful possession of untaxed cigarettes, possession of untaxed cigarettes with intent to sell, possession of counterfeit excise tax stamps and acting as an unclassified acquirer, all in violation of G. L. c. 64C. The only issue argued here is the defendant's exception to the denial of his motion to suppress evidence, consisting of packages of cigarettes seized in a warrantless search, which the defendant asserts was in violation of his rights under the State and Federal Constitutions. There was no error.

The motion to suppress was denied after a pre-trial hearing, and again when renewed during the trial. We will consider the evidence collectively because the evidence presented at the pre-trial hearing does not differ significantly from the further evidence at trial with regard to the basis for our decision.

About 2:30 P.M., on February 20, 1976, a customer purchased two packages of cigarettes from the defendant at his store. She became suspicious about the tax stamps on the packages and turned them over to a Charlton police officer. About one-half hour later, the chief of police (chief) examined the packages and "called the Department of Corporations and Taxation to inform them of the situation." No one applied for a search warrant. About 7:15 P.M., one Thomas O'Connor, of the Department of Corporations and Taxation, went with the chief to the defendant's store. They identified themselves and made known the purpose of their visit. A clerk employed by the defendant permitted them to search. The chief did not go behind any counter. From the customer part of the store, he saw on a rack cigarettes with counterfeit tax stamps. O'Connor testified that he went behind the counter because the cigarettes on the rack could

not be seen from the customers' side of the counter.[1] He determined that some of the cigarettes lacked stamps and some had counterfeit stamps. The chief and he then seized the cigarettes in the store.

Although the case has been argued to us on the question whether the search was constitutionally permissible, quite apart from the clerk's assent to the search,[2] we need not reach that question. We agree with the trial judge that the warrantless search was proper because the clerk in charge of the store consented to it. The judge was justified in concluding that the clerk had authority, if only apparent authority, to consent to the search. The search related to items intended for sale to the public; they were displayed in an area accessible to the clerk and which was under his control. At best, the defendant's expectancy of privacy in the circumstances was minimal.

Consent to a search granted by one in control of premises may validate a warrantless search, even where the defendant also has the right to possession and control of those premises. Our opinions in this area have generally involved consent given by one whose authority over the premises was at least as great as that of the objecting defendant. See, e.g., *Commonwealth* v. *Mendes*, 361 Mass. 507, 513 (1972) (owner's consent to a search of a guest's closet); *Commonwealth* v. *Connolly*, 356 Mass. 617, 624, cert. denied,

---

[1] Before trial the judge denied the motion to suppress on the grounds that the clerk consented to the search and that the cigarettes were in plain view. O'Connor did not testify at the pre-trial hearing, and thus at that time there was only testimony that the cigarettes were in plain view.

[2] The Commonwealth argues that the search was conducted pursuant to the express authority of G. L. c. 64C, § 11. The defendant responds that the statute cannot override his constitutional right to be secure against unreasonable searches and seizures. The Commonwealth, in turn, argues that a warrantless search involving the licensed business of selling cigarettes is justified, relying on *United States* v. *Biswell*, 406 U.S. 311 (1972), and *Colonnade Catering Corp.* v. *United States*, 397 U.S. 72 (1970), and attempting to distinguish *See* v. *Seattle*, 387 U.S. 541 (1967), and *Camara* v. *Municipal Court of the City and County of San Francisco*, 387 U.S. 523 (1967), on which the defendant relies.

400 U.S. 843 (1970) (consent by a tenant to a search of a common basement area). However, it is clear that consent may be given by a third person "who possessed common authority over *or other sufficient relationship to the premises* or effects *sought to be inspected*" (emphasis supplied). *United States* v. *Matlock,* 415 U.S. 164, 171 (1974). This principle properly may apply to employees given charge of premises which are searched. In *United States* v. *Murphy,* 506 F.2d 529 (9th Cir. 1974), cert. denied, 420 U.S. 996 (1975), a search was held to be not unreasonable when an employee, who had a key to the premises, consented to the search. The court concluded that the employee's custody of a key, given to him by the defendant, "gave him sufficient dominion over the premises to enable him to grant the necessary consent." *Id.* at 530. The defendant, there as here, put the premises under the control of his employee, and the defendant's employee had a sufficient appearance of authority to give valid consent to the search. *United States* v. *Sells,* 496 F.2d 912, 914 (7th Cir. 1974). The search was not unreasonable.

*Judgments affirmed.*