Toomey, J.
This matter is before the court on the motion for summary judgment of defendants Joseph *324 G. McCarthy (McCarthy), Deputy Commissioner of the City of Worcester Department of Public Health and Code Enforcement (Department) and Anthony McG-inley (McGinley), an inspector for the Department. Anthony Hmura (Hmura) has brought this action against the defendants charging that McCarthy and McGinley violated Hmura’s rights under the United States Constitution and the Massachusetts Constitution by failing to obtain a search warrant prior to conducting an inspection of Hmura’s property pursuant to the State Sanitary Code. For the following reasons, the defendants’ motion for summary judgment is allowed.
BACKGROUND
The following are the undisputed facts as taken from the pleadings and affidavits. On or about November 18 and November 19, 1992, McGinley received complaints from Corinne Whitney (Whitney), a tenant of the second-floor dwelling unit at 38 Canterbury Street, Worcester, Massachusetts, concerning the condition of the premises. On November 20, 1992, at the request of Whitney, McGinley conducted an inspection of the premises during which Whitney was present. No search warrant was obtained. The premises were found to be in violation of the sanitary code and two orders to correct the violations were issued by McG-inley.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have tire burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The State Sanitary Code, 105 C.M.R. 400.000 et seq., allows for the inspection of residential properties and states, in relevant part:
In order to properly carry out their respective responsibilities under this code . . . the board of health and the Department of Public Health or the authorized agent or representative of either are authorized to enter, examine, or survey at any reasonable time such places as they consider necessary, and otherwise to conduct such examination or survey as is expressly provided in any other chapter of this code. 105 C.M.R. 400.100.
Section 410.820 of the Sanitary Code further provides:
The board of health shall inspect a dwelling or a dwelling unit upon receipt of a written, oral or telephone request for inspection regardless of whether the person requesting the inspection has previously notified the owner of the dwelling of the condition(s) within the dwelling. All interior inspections shall be done in the company of the occupant or the occupant’s representative.
While the State Sanitary Code does not generally require a search warrant, a search warrant may be obtained where the owner or occupant interferes with or prevents access to every part of the structure. 105 C.M.R. 400.100(c)(i).
Additionally, where the consent of one who holds common authority or control over premises is obtained prior to conducting a search, no warrant is necessary. See Camara v. Municipal Court of the City and County of San Francisco, 387 U.S. 523, 539-40 (1967) (although Fourth Amendment of United States Constitution requires establishment of warrant procedure for municipal fire, health and housing inspection programs, warrantless searches are not precluded where there is consent or emergency situation); see also United States v. Matlock, 415 U.S. 164, 171 fn. 7 (1974) (justification of third-party consent rests on “mutual use of the property by persons generally having joint access or control for most purposes”); Commonwealth v. Wahlstrom, 375 Mass. 115, 117-18 (1978) (defendant’s employee had “sufficient appearance of authority” to give valid consent to search of store).
It is clear that in the case at bar, McGinley in no way violated the United States or Massachusetts Constitutions. This was a regulatory search conducted with the consent of a party in control of the premises. Therefore, defendants McCarthy and McGinley are entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion for summaiy judgment of defendants Joseph G. McCarthy and Anthony McGinley be ALLOWED.