**UNITED STATES of America,
Appellee,**

v.

**Herman Ray BERRY, Appellant.**

**No. 453, Docket 30284.**

United States Court of Appeals
Second Circuit.

Argued June 21, 1966.

Decided July 7, 1966.

---

Joseph J. Ackell, New York City, for appellant.

Roger J. Hawke, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, Robert G. Morvillo, Asst. U. S. Atty., on the brief), for appellee.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

MOORE, Circuit Judge:

Appellant, Herman Ray Berry, appeals from a judgment of conviction, entered upon a jury verdict, on all four counts of a four count indictment which charged him with (a) unlawfully selling heroin on February 11 and 15, 1965, 21 U.S.C. §§ 173, 174 (counts one and two); (b) facilitating the transportation and concealment of marihuana on February 19, 1965, 21 U.S.C. § 176a (count three); and (c) illegal concealment of heroin on February 19, 1965, 21 U.S.C. §§ 173, 174 (count four).

On February 11, 1965 federal narcotics agent Douglas Paschal, with three other federal agents, met an informant for the Bureau of Narcotics who had arranged a meeting between Paschal and appellant during which meeting Paschal was to attempt to purchase narcotics from appellant under the surveillance of the other agents. Paschal and the informant met appellant at a restaurant located at 139th Street and Seventh Avenue in New York City. Paschal testified that the informant introduced him to appellant as a friend who wished to "cop some stuff" and then departed. He further testified that appellant sold him three "bundles" of heroin for $225 and that before they parted appellant told him that any time he needed heroin appellant could be found in that vicinity. On February 15, 1965 Paschal, this time alone, again met appellant at 139th Street and Seventh Avenue and purchased two "bundles" of heroin from him. On February 19, 1965 appellant while driving a car, which he had been observed driving on prior occasions, was arrested by federal narcotics agent Charles Leya. Leya testified that, although the car was not registered in appellant's name, appellant at the time of

his arrest admitted that he had "permanent use" of the vehicle. The car was searched immediately after the arrest and a package of marihuana was found underneath the back rest section of the front seat. Then, according to Leya, he asked appellant for permission to search his apartment at 2295 Seventh Avenue and appellant, after being advised that he had a right to remain silent, stated that he had nothing to hide, consented to the search, and gave Leya the keys to the apartment. Thereafter, Leya searched the apartment and found a packet of heroin and an envelope of marihuana in a dresser drawer.

Appellant neither took the stand nor offered any witnesses in his own behalf.

*Errors Asserted on Appeal:*

■ I. Appellant contends that the district court erred in failing to charge the jury with respect to the defense of entrapment; in failing to require the production of the informer; and that the court's instruction with respect to the Government's use of informers was erroneous. None of these contentions has merit. At trial, appellant never attempted to establish the defense of entrapment either in cross-examining the Government witnesses or in addressing the jury; nor did he request the court to charge the jury on the defense of entrapment. He argues, however, that the circumstances under which the informer was employed, i. e., the initial purchase was set up by an informer who was cooperating with the Government and the purchase was made by an undercover agent with Government money, raised the issue and that the trial judge *sua sponte* should have charged on the issue. That position, however, is unsound. Moreover, even assuming that this approach has merit, there is no evidence in the record indicating that appellant was entrapped. Mere solicitation on the part of the Government does not by itself constitute entrapment, and that is the most that can be considered to have occurred here. In fact, there is no evidence that the informer persuaded appellant to make the February 11th sale (his

role terminated after he introduced agent Paschal to appellant). Furthermore, Paschal's testimony that appellant assured him that he could supply more heroin and the fact that appellant had narcotics in his control when arrested indicate that he was actively engaged in narcotics traffic.

■ With respect to the production of the informer, appellant's counsel elicited on cross-examination of agent Leya his name and the fact that a federal charge was pending against him. He made no inquiry as to the informer's address or whereabouts and at no time requested that the Government produce the informer. In fact, at a bench conference following his summation, appellant's counsel agreed that his action indicated that the presence of the informant would not be necessary for the defense. The district court committed no error in failing to require production of the informer under the circumstances.

■ With respect to the Government's use of an informer, the district court charged that the jury should not permit its feelings regarding the practice to influence its verdict since use of the services of an informer is not forbidden by law. Appellant concedes that no exception was taken to the charge and that no instruction on entrapment was submitted to the court.

■■ II. Count three of the indictment charged appellant with the illegal transportation and concealment of marihuana in an automobile on February 19th. A finding of "possession" was essential to the Government's case to establish, through the inference contained in 21 U.S.C. § 176a, that the narcotics were illegally imported into the United States and that appellant had knowledge of the illegal importation. At the close of the Government's case, appellant moved to dismiss count three on the ground that the evidence presented did not make out a prima facie case that the marihuana was in his possession. Appellant argues on appeal that denial of the motion constitutes reversible error. The evidence here clearly was sufficient to support an

inference that the marihuana was in appellant's actual or constructive possession. As to the woman, Clara Nelson, who was with appellant in the car when he was arrested, there is no reason why appellant could not have called her in his behalf.

III. Appellant argues that the district court erred in failing to exclude the heroin and marihuana found in his apartment on February 19th as seized in violation of the Fourth Amendment. At trial, appellant not only did not claim that he did not consent to the search, but he neither moved to suppress the evidence nor objected to its receipt on the ground that it had been illegally seized. Moreover, he made no post-trial motion to dismiss on that ground. Certainly under these circumstances there "is nothing in the case which would dispose us to exercise our discretion to notice 'plain error' under Rule 52(b)." United States v. Indiviglio, 352 F.2d 276, 281 (2d Cir. 1965).

The judgment of the district court is affirmed.