**UNITED STATES of America,**
**Appellee,**

v.

**Gabriel McMILLAN, Appellant.**
**No. 153, Docket 30694.**

United States Court of Appeals
Second Circuit.

Argued Oct. 27, 1966.

Decided Nov. 15, 1966.

Certiorari Denied Feb. 13, 1967.
See 87 S.Ct. 856.

Douglas S. Liebhafsky, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York and Elkan Abramowitz, Asst. U. S. Atty., New York City, on the brief), for appellee.

Henry A. Lowenberg, New York City, for appellant.

Before LUMBARD, Chief Judge, and MOORE and KAUFMAN, Circuit Judges.

LUMBARD, Chief Judge:

Gabriel McMillan appeals from a judgment of conviction entered June 16, 1966, on five counts of selling and possessing narcotics, in violation of 21 U.S.C. §§ 173, 174; 26 U.S.C. §§ 4705(a), 7237(b), by Judge Bryan, sitting with a jury. Following his conviction after a three-day trial, McMillan was sentenced to seven years on each of five counts, to run concurrently. The first four counts related to sales of narcotics to agent Clarence Cook in a Manhattan candy store on March 8 and March 11, 1965; the fifth count stemmed from the discovery of four bags of narcotics at the time of McMillan's arrest in his apartment on April 6, 1965.

After the government had adduced evidence of the sales and possession of the narcotics through testimony of two narcotics agents, the defense called Lokey

Allen who had introduced the agents to the defendant. Lokey Allen confirmed the sales and further testified that he had known McMillan for more than two years (during which time Allen had been arrested on a narcotics charge and subsequently released), and had purchased narcotics from McMillan on prior occasions. McMillan himself did not testify and defense counsel failed to elicit any evidence which would suggest that McMillan had been entrapped.

McMillan raises two points on this appeal:

(1) That he was deprived of the defense of entrapment because of the trial court's rulings which excluded certain testimony and,

(2) That his motion to suppress the four bags of narcotics, found at the time of his arrest, was improperly denied, and constituted reversible error.

■ The uncontroverted evidence shows that McMillan was "ready and willing without persuasion * * * to commit the offense," United States v. Sherman, 200 F.2d 880, 882 (2 Cir. 1952), and as such he was not entitled to a jury charge on entrapment, United States v. Bishop, 367 F.2d 806 (2 Cir. Oct. 26, 1966); United States v. Riley, 363 F.2d 955, 959 (2 Cir. 1966). Similarly, he was not entitled to such a charge as the evidence, at most, showed "mere solicitation" by the government, United States v. Berry, 362 F.2d 756, 758 (2 Cir. 1966), as opposed to inducement.

McMillan apparently concedes that the evidence in the record does not entitle him to a charge on entrapment. The record does not support McMillan's claim that the trial judge's rulings improperly restricted him in his attempt to develop a possible defense of entrapment.

McMillan also argues that the four bags of narcotics upon which count five was based should not have been admitted into evidence, since search of his person and apartment and the resultant seizure of the narcotics was unlawful in that the arresting agents did not have either an arrest or a search warrant at the time.

The argument rests on the assumption that ample time existed for the obtaining of a warrant, an assumption which does not appear to be valid in light of the fact that the agents were required to move quickly upon first learning from informer Allen of McMillan's newly received supply of narcotics at 4:30 P.M. on the day of arrest.

■ Nevertheless, assuming *arguendo* that the agents could have obtained a warrant, we hold that it was unnecessary to do so. An arrest without a warrant is proper if the agents had probable cause, see Narcotics Control Act of 1956, 26 U.S.C. § 7607, Wong Sun v. United States, 371 U.S. 471, 478, 83 S.Ct. 407, 9 L.Ed.2d 441 n. 6 (1963) as the agents clearly had in this case and which McMillan also concedes. A search incident to a lawful arrest is also proper, regardless of whether it might have been practicable to obtain a search warrant in the meantime, United States v. Rabinowitz, 339 U.S. 56, 65–66, 70 S.Ct. 430, 94 L.Ed. 653 (1950); United States v. Francolino, 367 F.2d 1013 (2 Cir. Nov. 3, 1966).

■■ McMillan raises for the first time an additional objection to the admission of the plastic bag containing heroin which was found in his bedroom in an apartment which he shared with another. In addition, two packages of heroin were found on his person and a third such package McMillan dropped on the floor when arrested. No objection having been made at trial to the admission of the package found in the bedroom, we need not consider this matter on appeal, United States v. Indiviglio, 352 F.2d 276 (2 Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). In any event, the fourth bag was properly admitted as evidence in support of conviction on count five as the surrounding circumstances made it logical to infer that the bag was under the control of McMillan, see Brothers v. United States, 328 F.2d 151, 155 (9 Cir.), cert. denied, 377 U.S. 1001, 84 S.Ct. 1934, 12 L.Ed.2d 1050 (1964).

Affirmed.