**UNITED STATES of America, Appellee,**

v.

**Joseph Anthony MARTINEZ–CARCANO, Defendant-Appellant.**

**No. 1180, Docket 77–1041.**

United States Court of Appeals, Second Circuit.

Argued May 24, 1977.

Decided June 21, 1977.

David J. Gottlieb, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City, on brief), for defendant-appellant.

Jerry L. Siegel, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Audrey Strauss, Asst. U. S. Atty., New York City, on brief), for appellee.

Before FEINBERG and DANAHER,* Circuit Judges, and DOOLING, District Judge.**

FEINBERG, Circuit Judge:

Joseph Martinez-Carcano appeals from a judgment of conviction on two counts, after a jury trial in the Southern District of New York before Lee P. Gagliardi, J. Count One charged Martinez and others with conspiring both to help an inmate escape from the Metropolitan Correction Center (MCC) and also to solicit and accept a bribe. Count Two charged two of the co-conspirators, who were MCC correction officers, with accepting a bribe for the same purpose and charged the other defendants, including Martinez, with aiding and abetting these officers. The other defendants all pleaded guilty to various counts, and Martinez alone went to trial. On appeal, he claims that a new trial is required, primarily because the trial judge charged the jury incorrectly on the issue of entrapment and improperly restricted the cross-examination of the chief government witness Yolanda Sarmiento. We affirm the conviction.

---

\* Of the District of Columbia Circuit, sitting by designation.

\*\* Of the Eastern District of New York, sitting by designation.

I

■ Martinez does not argue that there was insufficient evidence to convict, so we may state the facts briefly. In May 1976, Martinez met Mrs. Sarmiento in the MCC, where both were prisoners. He had been there for a year and was a sort of trusty, engaged in various inmate activities which allowed him some freedom of movement in the institution. She was an international narcotics dealer and had just been extradited from Argentina. The two became friendly and conversed daily; Sarmiento told Martinez that she had been tortured and otherwise mistreated in Argentina before extradition. In late summer, Martinez told Sarmiento that he could arrange for her to buy her escape. She notified her lawyer, and together they talked to the United States Attorney. Sarmiento continued to go along with the escape plan, in which Martinez figured prominently. Indeed, he does not deny his involvement. On October 4, Sarmiento "escaped," and the police caught her and the conspirators within minutes.

At trial, Martinez's defense was entrapment. He claimed that Sarmiento pleaded with him over a period of months to help her escape. According to Martinez, Sarmiento told him she was concerned about her children and was on the verge of insanity. Sympathetic to Sarmiento's plight and moved by her pleas, Martinez finally agreed to help her, but acted primarily as an intermediary with one MCC guard who enlisted another. The government witnesses, including Sarmiento, gave a different picture of the facts to the jury. In this version, Martinez was the mastermind of the venture. The suggestion for escape came from Martinez, who first said it would cost $50,000, but then lowered the figure to $25,000 with $5,000 paid in cash in advance, $1,000 of which went to his wife.[1] We are not called upon to resolve these factual conflicts. The jury did that, presumably ac-

---

1. On cross-examination, Martinez admitted that he was also to get one-eighth kilogram of cocaine for his efforts.

cepting Sarmiento's account and rejecting Martinez's. There was ample evidence to justify the jury's verdict,[2] and we need consider only whether it must be set aside because of error in the trial.

## II

The principal claim on appeal is that the judge charged the jury incorrectly as to entrapment. The judge went to great lengths to obtain the views of counsel on his proposed charge on this issue. About midway in the trial, he told counsel that he planned to use the charge approved by this court in *United States v. Rosner*, 485 F.2d 1213 (2d Cir. 1973), *cert. denied*, 417 U.S. 950, 94 S.Ct. 3080, 41 L.Ed.2d 672 (1974), but would be willing to consider defendant's requests. Defendant did submit a proposed entrapment charge later.[3] After both sides rested, the judge again indicated his intention to use the *Rosner* charge and invited counsel to examine a copy of that charge at the bench. During summation to the jury, defense counsel twice misstated the law of entrapment.[4] At the close of that argument, to which the Government objected, the judge made the text of his proposed charge available to counsel and asked for suggestions. Defense counsel made no specific objection to the judge's proposed charge, but stated that he preferred the charge he had earlier submitted. After the judge charged the jury, defense counsel presented a number of objections, most of which had nothing to do with the entrapment portion. As to that issue, counsel complained that the whole charge "cen-

tered itself around the defendant's predisposition" and objected specifically only to "your Honor's statement that they are not to consider between the defendant and Mrs. Sarmiento who spoke to whom first." After the jury deliberated for a short while, it sought further enlightenment on entrapment. The judge again instructed on entrapment, this time with no objection at all from defense counsel.

■ Against this background, Martinez argues to us that the judge's charge on entrapment was so confusing and erroneous that a new trial is necessary. We are told that the judge erred on the definition of "inducement," the burden of proof placed on the defendant with respect to inducement, and the definition of that burden, and failed to distinguish the elements of inducement and predisposition. None of these arguments was made to the district judge, and we will not consider them now. *E. g., United States v. Araujo*, 539 F.2d 287, 291 (2d Cir. 1976); *United States v. Dixon*, 536 F.2d 1388, 1397–98 (2d Cir. 1976). Counsel's submission of a defective charge, see note 3, *supra*, was insufficient to preserve an objection to the court's charge. *See United States v. Leonard*, 524 F.2d 1076, 1084 (2d Cir. 1975), *cert. denied*, 425 U.S. 958, 96 S.Ct. 1737, 48 L.Ed.2d 202 (1976). We have carefully reviewed the judge's original and supplemental charge. While there are some portions of the charge that could have been improved upon, taken as a whole the charge was adequate.[5] Therefore, on this record we decline the

---

**2.** Sarmiento's version was corroborated by the testimony of Rafael Rodriguez, a federal agent who posed as Sarmiento's outside "connection" and actually paid the $5,000 down payment.

**3.** That charge did not adequately define inducement or inform the jury that some evidence of it was necessary for a finding of entrapment. The request also incorporated language that would have made irrelevant the defendant's propensity to commit the crime.

**4.** He first told the jury that they must acquit unless convinced that Martinez "initiated" the crime. Judge Gagliardi reprimanded him for

the misstatement, and counsel acknowledged omitting the propensity aspect of entrapment law. Yet, moments later, he repeated the mistake by telling the jury to acquit "if there is a reasonable doubt as to who initiated the crime."

**5.** Martinez refers us to *United States v. Swiderski*, 539 F.2d 854 (2d Cir. 1976), and *United States v. Pugliese*, 346 F.2d 861 (2d Cir. 1965). In both of these cases, however, the court's charge created the impression that the defendant had to meet the reasonable doubt standard on the issue of inducement. The charge at issue here suffers from no such infirmity.

invitation to reverse for plain error in the charge on entrapment.

■ A few further observations, however, are appropriate. In *United States v. Braver*, 450 F.2d 799 (2d Cir. 1971), *cert. denied*, 405 U.S. 1064, 92 S.Ct. 1493, 31 L.Ed.2d 794 (1972), we examined the law of entrapment in this circuit at some length and concluded that "a simplification of the charge on this issue is appropriate." 450 F.2d 799, 805. We suggested that the district judges

> use an entrapment charge that does not give to the jury two ultimate factual issues to decide on two different burdens of persuasion imposed upon two different parties. While we do not specifically define this preferable charge, we suggest that there be no reference to "burden" or "burden of proof" or "preponderance of evidence" in describing a defendant's obligation. In explaining the burden of proof on entrapment, it will be enough to tell the jury that if it finds some evidence of government initiation of the illegal conduct, the Government has to prove beyond a reasonable doubt that the de-

fendant was ready and willing to commit the crime.

*Id.* We repeat that advice. It is true there was a conflict in this case about whether Martinez or Sarmiento first mentioned the possibility of escape, but this was hardly controlling, as the trial judge indicated.[6] Once Sarmiento told her attorney, and then advised the United States Attorney, of her talk with Martinez, she was, for purposes of the entrapment doctrine, acting for the Government. Thereafter, there was ample evidence of government "inducement" in the limited sense applicable here, that is, negotiating the terms of payment for the escape, going along with the plans for the escape, etc. The real issue was the ultimate question basic to all claims of entrapment: Was Martinez ready and willing to commit the offense if given an opportunity to do so? It was the Government's burden to prove this propensity beyond a reasonable doubt, and emphasis on this basic issue—as we suggested in *Braver*—clarifies the question for the jury. As we said in *Braver*, there is no need to refer to the defendant's "burden of proof" at all.[7]

---

**6.** Because of defense counsel's erroneous statements to the jury, see note 4, supra, it was appropriate, if for no other reason, for the judge to tell the jury that the question of who approached whom did not decide the issue of entrapment. As explained below, even if Sarmiento first mentioned escape, Martinez was not necessarily entrapped.

**7.** The trial judge's charge in *Rosner*, supra, followed our suggestion in *Braver* and did not mention "burden" or "burden of proof" or "preponderance of the evidence" as the defendant's obligation. In pertinent part the charge read:

> The fact that the Government officials or their agents merely afford opportunities to one who is ready and willing to violate the law when the opportunity presents itself does not constitute entrapment. However, in their efforts to enforce the laws, Government officials and their agents may not entrap an innocent person who, except for the Government's inducement, would not have engaged in the criminal conduct charged.
>
> Entrapment occurs only when the criminal conduct was the product of the creative activity of the law enforcement officials or their agents, that is, if they initiate, incite, induce, persuade or lure an otherwise innocent per-

son to commit a crime and to engage in criminal conduct. And if that occurs, the Government may not avail itself of the fruits of this instigation.

> In this regard, the defendant asserts that he was induced to violate the law by the activities of Leuci, a Government agent, both by Leuci's actions in direct discussions with him and also by Leuci's utilization of DeStefano and Lamattina to apply pressure on him.
>
> .    .    .    .    .
>
> If you find no evidence that Leuci directly or indirectly induced the defendant to violate the law, there can be no entrapment. If you find that there is some evidence that Leuci induced the defendant to commit the crimes charged, the Government must prove beyond a reasonable doubt that the inducement was not the cause of the crimes, that is, that the defendant was ready and willing to commit the offenses.
>
> To sustain the burden of proof the Government has to satisfy you that its agents have not seduced an innocent person but that the inducement which brought about the offenses charged was but another instance of the kind of conduct which the defendant was prepared to engage in if offered an opportunity.

### III

Martinez also claims a new trial is necessary because the trial court impermissibly curtailed defense questioning of Sarmiento. She admitted on direct examination that she had numerous conversations with Martinez, and these formed the core of his entrapment defense. Judge Gagliardi permitted some cross-examination regarding the meetings, but refused to allow defense counsel to inquire into the "gory details" of Sarmiento's descriptions of her mistreatment in Argentina, and also refused to permit questioning based on Sarmiento's alleged prior statement to a psychiatrist about a plot against her. Counsel also sought unsuccessfully to inquire into the details of outstanding indictments naming Sarmiento, which Martinez claims gave her a motive to testify favorably to the Government.

All the restrictions imposed, however, were within the trial court's discretion. The record shows that counsel was permitted to question Sarmiento generally about what she said to Martinez, including stories of kidnapping, torture and brutal beatings, and the murder of her son. Similarly, the record contains detailed inquiry by defense counsel about her motives for testifying for the Government. And Sarmiento's testimony at trial did not actually conflict with her earlier statement to a psychiatrist, so the trial court properly refused to allow use of the prior statement for impeachment.

We have considered appellant's other contentions and they are without merit.[8] Accordingly, the judgment of conviction is affirmed.

---

Thus, if the prosecution has satisfied you beyond a reasonable doubt that the defendant was ready and willing to commit the offenses charged and merely was awaiting a favorable opportunity to commit them, then you may find that the Government did no more than furnish a convenient opening for the criminal activity in which the defendant was prepared to engage. In such circumstances you may find that the Government's agent has not seduced an innocent person but has only provided the means for the defendant to effectuate or realize his own then existing purposes.

On the other hand, if you have a reasonable doubt that the defendant would have committed the offenses charged without the Government's inducement, then it is your duty to acquit him.

See also the charge proffered by the defense in *Swiderski*, supra, 539 F.2d at 857 n.2.

8. The only claim warranting mention is an apparent request for a remand on whether Sarmiento's cooperation with the Government in this case came in exchange for the Southern District United States Attorney's promise to recommend only a 10-year sentence for her. Martinez argues that the jury should have known about the agreement, if it existed. This claim has not been made in the district court and can be presented there by a Rule 33 motion.