**UNITED STATES of America, Appellee,**

v.

**William VALENCIA, Appellant.**

**No. 367, Docket 81–1317.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 9, 1981.

Decided Feb. 22, 1982.

Opinion April 22, 1982.

Rehearing Denied May 13, 1982.

David Seth Michaels, New York City (The Legal Aid Society, New York City, on the brief), for appellant.

Thomas G. Roth, Asst. U. S. Atty., New York City (Edward R. Korman, New York City, on the brief), for appellee.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and TENNEY, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

On appellant's original appeal, *United States v. Valencia*, 645 F.2d 1158 (2d Cir. 1980), this Court remanded to the district court for a determination "whether there was sufficient evidence of direct communication between [appellant's wife and appellant] to permit the question of inducement of [appellant] to go to the jury." *Id.* at 1169. The district court held that there was not, and appellant concedes there was not.

But appellant had never argued that there was direct proof that Olga communicated the informer's inducements to him, and, in fact, no such direct proof appears in the record. (Appellant's Brief at 12.)

Appellant argues that the marital relationship and cohabitation of appellant and his wife permit the inference that appellant knew of the informer's inducements. The district court held that proof of the marital relationship was not enough and that there was no other proof that the Government's inducements had been communicated to appellant.

Finding no error, we affirm.

OAKES, Circuit Judge (dissenting):

In our amended opinion we remanded for a determination by the trial judge whether there was sufficient evidence of direct communication between Olga and William to permit the question of inducement of William to go to the jury. If there was not, the conviction should be affirmed. If there was, William should be given a new trial. 645 F.2d 1158, 1169 (2d Cir. 1980). I do not feel that the district judge by framing the issue as he did properly made the determination that this court asked of him. He framed the question as to whether there was sufficient evidence, aside from the mere fact that William and Olga were married, for the jury to infer that Olga, having been induced by Palacio to commit the crime, recited this inducement to William and that as a result he was induced to commit the crime. But what was required on remand, it seems to me, was not direct proof of communication—we could have decided that, and there was no such direct proof in the record—but, as appellant suggested to us in his petition for rehearing,

rather an assessment of whether the record, when examined in light of the established case law, revealed that there was a sufficiently corroborated inference to require presentation of the entrapment defense to the jury.

* Of the Southern District of New York, sitting by designation.

And, as we pointed out, 645 F.2d at 1168, not only was the marital relationship to be taken into account but there was other evidence from which it could inferentially be determined that there was direct communication between Olga and William. Olga claimed she was constantly pressed and coerced by Palacio and that Palacio constantly visited the Valencia apartment between February and May. The marital relationship is one fact, but the fact that William had broken legs and of necessity spent his time in the care of his wife and in the home which Palacio visited are other factors not evaluated by the trial court. Moreover, Palacio testified that on the day before the sale, when she picked up the sample, William told her it was on the table, and furthermore he was present on the evening of the sale itself. And, speaking generally on the subject of entrapment, "in deciding whether a jury question is raised, a trial judge must consider the evidence in the light most favorable to the defendant." *United States v. Anglada*, 524 F.2d 296, 298 (2d Cir. 1975), citing *United States v. Dehar*, 388 F.2d 430, 433 (2d Cir. 1968).

Thus I would remand a second time to Judge Nickerson for the evaluation that we asked rather than the determination that he made. As it is, our first opinion was an exercise in futility—what we said so much codswallop—though it has gained some commentary support. Note, *Entrapment Through Unsuspecting Middlemen*, 95 Harv. L.Rev. 1122, 1127–28 n.34, 1129 n.39, 1140 (1982).

I dissent.