**UNITED STATES of America,
Appellant,**

**v.**

**Charles DUNN, Defendant-Appellee.**

**No. 517, Docket 85–1317.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 21, 1985.

Decided Dec. 16, 1985.

See also, 608 F.Supp. 530.

Patrick Brown, Buffalo, N.Y. (Joel L. Daniels, of counsel), for defendant-appellee.

Stephen J. Baczynski, Buffalo, N.Y., Asst. U.S. Atty., W.D.N.Y. (Salvatore R. Martoche, U.S. Atty., W.D.N.Y., of counsel), for appellant.

Before FEINBERG, Chief Judge, MANSFIELD and OAKES, Circuit Judges.

FEINBERG, Chief Judge:

Exercising the right recently created by 18 U.S.C. § 3731, the government appeals from an order of Judge John T. Elfvin of the United States District Court for the Western District of New York, which granted defendant Charles Dunn's motion under Fed.Crim.R. 33 for a new trial. Judge Elfvin ordered a new trial because he found that he had improperly instructed the jury on the inducement element of entrapment.

Dunn was indicted on one count of attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846. Dunn was arrested following a "sting" operation, in which an undercover government agent arranged to sell Dunn one kilogram of cocaine for $32,500. At trial, Dunn asserted an entrapment defense. The district court delivered a bifurcated charge on entrapment, breaking it into elements of inducement and predisposition to commit the offense. On inducement, the court stated that a "solicitation[,] request or approach by law enforcement officials to engage in criminal activity standing alone is not inducement." The judge refused to charge that "inducement refers to the Government's initiation of the crime and not to the degree of pressure exerted," and that "[i]nducement includes soliciting, proposing, initiating, broaching or suggesting the commission of the charged offense."

The jury later requested clarification on the issue of inducement. In response, the court indicated to counsel that it was inclined to find inducement here as a matter of law, but, after the government objected, described to the jury the relationship of inducement to predisposition to commit the offense and repeated the initial instruction on inducement. Soon thereafter, the jury returned a verdict of guilty. Apparently concerned about the impact of his charge,

Judge Elfvin, after informing counsel, submitted two interrogatories to the jury, asking whether it had found inducement and, if so, whether it had also found predisposition. By its response, the jury indicated that it had found no inducement and, therefore, never reached the issue of predisposition.[1]

Before sentencing, Dunn moved for a new trial based on the court's failure to charge the jury correctly on inducement. The government maintained that the charge, when viewed in its entirety, was proper. Judge Elfvin concluded that his definition of inducement was inconsistent with the law of this circuit because it imposed too heavy a burden on the defendant and, accordingly, granted Dunn a new trial.

 We agree with the district court that its instruction to the jury on the inducement element of entrapment was incorrect, and find that the judge properly ordered a new trial. In this circuit, "soliciting, proposing, initiating, broaching or suggesting the commission of the offence charged" *does* constitute inducement, see *United States v. Sherman,* 200 F.2d 880, 883 (2d Cir.1952) (L. Hand, J.), and there is no need to show something more on that issue. This circuit has also consistently held that inducement refers to "the Government's initiation of the crime and not to the degree of pressure exerted." *United States v. Riley,* 363 F.2d 955, 958 (2d Cir.1966). While recognizing that the charge did not conform to the language approved in *Sherman,* the government argues that there is no general mandate to charge the *Sherman* definition of inducement. We do not agree; nor do we find any "apparent incongruity" in this circuit's definition of inducement, as the government urges.

The cases cited by the government as precedent for the use of a more stringent

---

**1.** The interrogatories submitted to the jury contained the following questions:

Was Mr. Dunn "induced" to commit this crime?
 Yes ___ No ___

If your answer was "yes," was Mr. Dunn "predisposed" to commit this crime?
 Yes ___ No ___
The jury responded to the first question by marking an "X" after No.

standard for inducement are not controlling on this point. See, e.g., *United States v. Miley*, 513 F.2d 1191, 1202 n. 8 (2d Cir.), cert. denied sub nom. *Vavarigos v. United States*, 423 U.S. 842, 96 S.Ct. 75, 46 L.Ed.2d 62 (1975); *United States v. Barash*, 412 F.2d 26, 30 (2d Cir.), cert. denied, 396 U.S. 832, 90 S.Ct. 86, 24 L.Ed.2d 82 (1969); *United States v. McMillan*, 368 F.2d 810, 812 (2d Cir.1966), cert. denied, 386 U.S. 909, 87 S.Ct. 856, 17 L.Ed.2d 783 (1967); *United States v. Winfield*, 341 F.2d 70, 72 (2d Cir.1965). They all involve situations where the evidence of predisposition to commit the offense was uncontradicted. Since there must be some evidence to rebut proof of predisposition, an entrapment defense was precluded as a matter of law. See *Riley*, supra, 363 F.2d at 959. It is true that there is language in some of these cases that is helpful to appellant, see, e.g., *McMillan*, supra, 368 F.2d at 812. But, in light of the weight of authority in this circuit supporting the *Sherman-Riley* definition, it cannot seriously be argued that initiation or solicitation alone does not establish inducement. See, e.g., *United States v. Mayo*, 705 F.2d 62, 67–70 (2d Cir.1983); *United States v. Valencia*, 645 F.2d 1158, 1166 (2d Cir.1980), aff'd after remand, 677 F.2d 191 (2d Cir.1982); *United States v. Martinez-Carcano*, 557 F.2d 966, 969–70 (2d Cir.1977); *United States v. Swiderski*, 539 F.2d 854, 857–59 (2d Cir. 1976); *United States v. Licursi*, 525 F.2d 1164, 1168–69 (2d Cir.1975); *United States v. Braver*, 450 F.2d 799, 802 (2d Cir.1971), cert. denied, 405 U.S. 1064, 92 S.Ct. 1493, 31 L.Ed.2d 794 (1972).

The definition contained in Judge Elfvin's charge to the jury requires proof of a higher degree of government pressure than is necessary to show inducement in this circuit, although such a definition has been approved in at least one other circuit. See *United States v. Burkley*, 591 F.2d 903, 913 (D.C.Cir.1978), cert. denied, 440 U.S. 966, 99 S.Ct. 1516, 59 L.Ed.2d 782 (1979). In most cases in this circuit, the element of inducement properly defined, i.e., initiation or solicitation, is not a major issue for the jury since a government undercover agent is admittedly involved in the purchase of narcotics from the defendant. However, this is one of those rare cases where we know that the trier of fact regarded the element of inducement as important. The jury's request for further instructions on inducement shows that it focused on this issue. Moreover, the jury's response to the court's note supports the conclusion that it was misled into believing that something more than initiation or solicitation was required on the issue of inducement. Despite enough evidence of government initiation for Judge Elfvin to consider finding inducement as a matter of law, the jury failed to find inducement.

The government also claims that the precise definition of inducement is not relevant here, when considered in relation to Dunn's right to assert an entrapment defense. The jury's finding that the evidence failed to establish more than "mere solicitation," it argues, is tantamount to finding that proof of Dunn's ready acceptance of the corrupt offer to sell narcotics to him was uncontradicted. Appellant contends that the court's instructions, in effect, only restated the rule that there must be some evidence contradicting proof of predisposition to get the issue of entrapment to the jury. See *Riley*, supra, 363 F.2d at 959. This argument simply does not correspond to the facts of this case, however. Dunn did introduce evidence that he at first had no interest in the proposition offered him, that the government agent encouraged him to buy because this was a "super package" and "a really good deal," that he had no prior involvement with narcotics and that he had legitimate sources for the sizeable sum of money he raised to purchase the cocaine from the government agent. While each of these items standing alone might not have been enough to raise a jury question on the issue of predisposition, see, e.g., *Mayo*, supra, 705 F.2d at 70, together they did. According to the instructions, however, the jury could not reach the issue of predisposition unless it found inducement by the government. Therefore, the jury found no entrapment even though it ap-

pears that the government did initiate the transaction and, more significantly, even though the jury never decided whether the government had proved beyond a reasonable doubt that Dunn was willing and able without persuasion, i.e., *predisposed*, to engage in the transaction. Accordingly, Judge Elfvin correctly and commendably recognized his own error.

Because the issues raised by this appeal frequently recur in the district courts, a few further remarks on entrapment are in order. As we have repeatedly advised, instructions on entrapment should be simplified. The district courts should focus the jury's attention on the central issue presented by a claim of entrapment: Was the defendant "ready and willing to commit the offense if given an opportunity to do so?" *Martinez-Carcano,* supra, 557 F.2d at 970. To this end, we have recommended to the district courts that, in the ordinary case, they not refer to the defendant's burden of proof with regard to inducement, since this tends to distract the jury from the real issue and may result in the imposition of too heavy a burden on the defendant. See *Valencia,* supra, 645 F.2d at 1166; *Martinez-Carcano,* supra, 557 F.2d at 970; *Braver,* supra, 450 F.2d at 805. Furthermore, in order to reach the central issue of predisposition, we have held that there need only be some evidence of government initiation of the illegal conduct. See *Martinez-Carcano,* supra, 557 F.2d at 970 (citing *Braver,* supra, 450 F.2d at 805). For a clear and concise instruction embodying this approach, see 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions 8–24 (1984) (§ 8.07— Entrapment).

The order of the district court is affirmed.