UNITED STATES of America,

v.

James A. GANTZER, Defendant.

No. CR–85–127C.

United States District Court,
W.D. New York.

Jan. 16, 1986.

Salvatore R. Martoche, U.S. Atty. (Martin J. Littlefield, Asst. U.S. Atty., of counsel), Buffalo, N.Y., for U.S.

Jackson & Wilson (Jon Louis Wilson, of counsel), Lockport, N.Y., for defendant.

CURTIN, Chief Judge.

On October 25, 1985, after a jury trial, defendant James A. Gantzer was convicted of a single count of transmitting obscene materials through the mail (18 U.S.C. § 1461). Defendant now moves for an order granting a judgment of acquittal or, in the alternative, for a new trial pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, respectively, on essentially three grounds.

First, defendant argues that this court's refusal to exclude certain photographs which were the subject of the instant indictment constituted error, given the defendant's willingness to concede the issue of the photographs' obscenity, their lack of relevancy, and their obvious prejudicial effect of same upon the jury. Second, defendant contends that this court's refusal to exclude certain evidence which the government proffered to show defendant's predisposition to commit the crime with which he is charged constituted error because it did not indicate that defendant had previously committed same or similar crimes and because this evidence was confusing and prejudicial. Finally, defendant says that his right to privacy requires a judgment of acquittal here. These arguments will be considered at greater length below.

Defendant's reliance on the case of *United States v. Borello,* 766 F.2d 46 (2d Cir. 1985), in support of his first argument is misplaced for a number of reasons. In *Borello,* the defendant was not charged with transmitting obscene materials but with Customs violations, 18 U.S.C. § 542 (entry of goods by means of false statements) and 18 U.S.C. § 545 (smuggling goods into the United States). The government's attempt to introduce the seized obscene films into evidence in that case was rebuffed by the court because the probative value the exhibits had was minimal, and they obviously would have a sharp, prejudicial effect upon the jurors. In *Borello,* the government chose not to bring an obscenity charge but was trying to use the materials to prejudice the jury unfairly.

In contrast, the charge in this case is one of obscenity. Obscenity is the central element to be proven. Therefore, the government should be permitted to introduce evidence of the obscene material and not merely leave the question to the jury on the stipulation of the defendant. The defendant's motion on this ground is therefore denied.

Defendant's second argument in his present motion concerns the admission of certain evidence by the government of various letters and catalogs which were found at defendant's residence to show "predisposition."

Defendant argues that all of these documents should have been properly excluded from evidence by the court because 1) there was no evidence that any of the various exhibits were obscene; 2) there was no evidence that any of the various exhibits had passed through the mails at the request of defendant; 3) the admitted documents were unduly prejudicial and had little probative value; 4) the admitted documents were confusing, misleading, and collateral to the case at hand; and 5) the admitted documents did not evidence "predisposition" within the meaning of the law because they did not evidence commission or attempted commission of the same or similar crimes on previous occasions.

I find all of these arguments meritless. As the government points out in its brief, the government need not show that the defendant previously had committed the "same or similar crimes" in order to show predisposition. As is noted in the recent Second Circuit case of *United*

*States v. Mayo,* 705 F.2d 62 (2d Cir.1983), propensity can be established:

> in many ways, among them proof of: (1) an existing course of criminal conduct similar to the crime for which the defendant is charged, (2) an already formed design on the part of the accused to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the accused's ready response to the inducement.

*Mayo, supra,* at 68 (*citing United States v. Viviano,* 437 F.2d 295, 299 (2d Cir.), *cert. denied,* 402 U.S. 983, 91 S.Ct. 1659, 29 L.Ed.2d 149 (1971) (emphasis omitted). *See also United States v. Thoma,* 726 F.2d 1191, 1197 (7th Cir.), *cert. denied,* 467 U.S. 1228, 104 S.Ct. 2683, 81 L.Ed.2d 878 (1984) (wherein the Seventh Circuit enumerated many factors which go into determining predisposition, including "the character or reputation of the defendant")).

In the present case, this court permitted 1) evidence of defendant's mailing of the photographs after he had received only two letters from the undercover postal officer; 2) evidence of defendant's causing the mails to be used to obtain erotic materials from Danish distributors; and 3) evidence of defendant's causing the mails to be used to carry on correspondence of an erotic nature.

Given *Mayo* and the other cases cited above, I find that it was proper to admit into evidence Exhibits 2, 2A, 3, 3A, 19, 22, 23, 24, 25, and 26. Therefore, I find that defendant is not entitled to acquittal on this ground.

■ Finally, defendant argues that there exists case law authority which requires that defendant be acquitted on privacy grounds. *See Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969); *United States v. Dellapia,* 433 F.2d 1252 (2d Cir.1970); *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

According to defendant, absent proof of commercial distribution of obscene materi-al, the individual's right to receive and to possess information and ideas, regardless of their social worth, is paramount. *Stanley, supra.* In the *Dellapia* case, *supra,* the Second Circuit said that *Stanley* protects the privacy of confidential communication or the right to being let alone if that communication does not harm others. The court went on to say that we cannot "consider that this private relationship is any less private because the correspondence and films passed through the public mails." *Dellapia, supra* at 1258. Defendant also argues that the *Miller* case clearly indicates that it is only public solicitation and commercial exploitation, not private communication, that can be constitutionally and criminally prohibited.

Defendant contends that the evidence of this case clearly demonstrates that defendant was engaged in his correspondence with Postal Inspector Smith in his undercover guise as Frank Colati as an individual merely interested in sharing and exchanging "ideas, experiences and other subjects and topics of interest." (*See* Exhibit 4). Defendant says that because this correspondence was not entered into for any commercial gain, it is constitutionally protected under the above cases as a private transaction.

I find this argument also unpersuasive. As the government points out in its brief dated October 25, 1985 (Item 9), the recent decisions by the United States Supreme Court in *United States v. Reidel,* 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971); *United States v. 12 200 Hundred-Foot Reels of Film,* 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); *United States v. Orito,* 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973), seem to have implicitly overruled the *Dellapia* decision which defendant relies on in its argument here. *See also* recent Second Circuit decisions in *United States v. Manarite,* 448 F.2d 583 (2d Cir.), *cert. denied,* 404 U.S. 947, 92 S.Ct. 281, 30 L.Ed.2d 264 (1971); *United States v. Petrov,* 747 F.2d 824 (2d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2037, 85 L.Ed.2d 318 (1985).

These cases evidence the trend that there is no constitutional right to sell *or distribute* obscene material and that there exists an "exclusive legislative power" to regulate the use of the mails relative to obscene materials. *Reidel, supra,* 402 U.S. at 356–57, 91 S.Ct. at 1412–13.

Furthermore, the 1984 Second Circuit case of *United States v. Petrov, supra,* makes clear that the language of 18 U.S.C. § 1461, of which defendant was convicted here, encompasses any person who mails obscene materials, not just those who do so for profit:

> Yet § 1461, as Judge Newman acknowledges, is broadly worded. It reaches "whoever" knowingly mails obscene matter.... [T]he Supreme Court has consistently construed the language of § 1461 broadly.

*Petrov* at 826 (citations omitted). *See also United States v. Manarite, supra* at 594.

Finally, as the government points out to the court, the complete defeat of the *Dellapia* decision in the Second Circuit is evidenced by the fact that the case has not been cited with approval in this circuit since 1971.[1]

Notwithstanding the above, the court is concerned about the correctness of the conviction of this defendant in this case. Defendant is, unlike most of the defendants in the cases cited in the government's brief, not a commercial purveyor of obscene materials. Instead, it was defendant's purely personal mail correspondence-carried on at the initiation of an undercover postal inspector[2]—which ultimately led to his conviction here.

However, as I have already noted, my reading of the recent case law in this area allows the criminal conviction of defendants, such as Mr. Gantzer, who are engaged in such private activity. *See especially United States v. 12 200-Foot Reels of Film, supra,* 413 U.S. at 129, 93 S.Ct. at 2669 ("This is not to say that Congress could not ... permit the transportation of obscene material under conditions insuring privacy. But Congress has not seen fit to do so....").

Therefore, and for the above reasons, I believe that this court cannot grant defendant an acquittal or a new trial on this ground. Defendant's motion is denied in all respects. Sentencing is set for February 13, 1986, at 9 a.m.

So ordered.

---

1. In *In Re Labady,* 326 F.Supp. 924, 927 (S.D.N.Y.1971), Judge Mansfield cited the *Dellapia* case in support of his interpretation of 8 U.S.C. § 1427(a) (concerning the requirement of a person's "good moral character" in the naturalization context). The court found that "private conduct which is not harmful to others, even though it may violate the personal moral code of most of us, does not violate public morality which is the only proper concern of the [the statute]."

*Dellapia* was never cited again with approval in the Second Circuit. In his dissenting opinion in *United States v. Petrov,* 747 F.2d 824, 835 (2d Cir.1984), Judge Newman said, in discussing 18 U.S.C. § 1461, that "the concerns expressed in *Dellapia* provide helpful guidance in determining whether Congress has [sought to punish photo processors who merely develop and mail obscene photos back to their customers]."

Judge Newman believed that, while it may be constitutionally permissible to impose the burden of deciding whether a given photograph is obscene upon the person who *initiates* the mailing of an obscene photo, this burden may not be properly imposed on a non-initiating party. He noted, in this regard, that "when government seeks to regulate the private transmission of obscene materials, it 'enter[s] upon a constitutional danger area.'" *Petrov, supra,* at 835 (*citing Dellapia, supra* at 1257).

In the case before the court now, defendant initiated the mailing of the obscene photographs.

2. For a recent examination of the entrapment issue by the Second Circuit, *see United States v. Dunn,* 779 F.2d 157 (2d Cir.), *affirming* CR–85–25E (W.D.N.Y.1985).