**UNITED STATES of America**

v.

**Anthony COLLINS, Defendant.**

**No. 90 Cr. 614 (RPP).**

United States District Court,
S.D. New York.

Jan. 31, 1991.

Otto G. Obermaier, U.S. Atty., S.D.N.Y.
by Miguel A. Estrada, Asst. U.S. Atty.,
New York City, for the Government.

The Legal Aid Society, Federal Defender
Service Unit by Leonard F. Joy, New York
City, for defendant.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District
Judge.

In a superseding indictment filed January 28, 1990, defendant was charged with three counts of violating and conspiring to violate 26 U.S.C. § 5861(d) and 18 U.S.C. § 922(a). Defendant now moves pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure to dismiss the indictment for outrageous governmental conduct. For the reasons set forth below, defendant's motion is denied.

Defendant brings this motion on the basis of his affidavit in which he states that a confidential informant for the Bureau of Alcohol, Tobacco and Firearms ("ATF") "arranged" the sale of a .45 caliber firearm to undercover ATF agents (Collins Aff. dated Jan. 23, 1991 ¶ 2), provided the gun (*id.* ¶ 1), "coached" defendant on what to say (*id.* ¶ 2), kept all but $40 of the proceeds of the sale (*id.* ¶ 4), and arranged all other sales to the agents in a similar fashion (*id.* at 5).

■ The defense of outrageous conduct is properly decided by the court and not the jury. *See United States v. Nunez–Rios,* 622 F.2d 1093, 1098 (2d Cir.1980). The defense arises when "the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United States v. Russell,* 411 U.S. 423, 431–32, 93 S.Ct. 1637, 1642–43, 36 L.Ed.2d 366 (1973).[1] Specifically, the Supreme Court has found no due process violation and refused to reverse petitioner's conviction where a government informant had supplied the

---

1. *See, e.g., Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952) (conviction reversed where officers entered defendant's bedroom by force, struggled to open defendant's mouth to remove what was there, and thereafter forced defendant to have contents of his stomach extracted against his will); *Watts v. Indiana,* 338 U.S. 49, 69 S.Ct. 1347, 93 L.Ed. 1801 (1949) (confession obtained after five days of nine-hour relay questioning sessions where defendant was not brought before magistrate or advised of his constitutional rights held inadmissible).

heroin petitioner was convicted of distributing. *See Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976).

█ Thus in this Circuit, the defense of outrageous governmental conduct "in the rare instances when successful, has prevailed to restrain law enforcement activities that involve coercion or outrageous violation of physical integrity." *United States v. Myers*, 692 F.2d 823, 837 (2d Cir.1982) (citations omitted) (government's involvement in Abscam sting operation did not violate due process), *cert. denied*, 461 U.S. 961, 103 S.Ct. 2437, 77 L.Ed.2d 1322 (1983). The Second Circuit has rejected due process claims asserting outrageous government conduct where the conduct involved operations of the type described by defendant in his affidavit. *See United States v. Romano*, 706 F.2d 370 (2d Cir. 1983); *United States v. Nunez–Rios*, 622 F.2d 1093 (2d Cir.1980); *United States v. Corcione*, 592 F.2d 111 (2d Cir.1979), *cert. denied*, 440 U.S. 975, 99 S.Ct. 1545, 59 L.Ed.2d 794 (1979). Defendant's allegations are more appropriate as an entrapment defense at trial. *See United States v. Dunn*, 779 F.2d 157 (2d Cir.1985). Accordingly, defendant's motion to dismiss the indictment is denied.

Counsel are advised that this case is number one on the trial calendar and that they should be ready for trial on 48 hours' notice.

IT IS SO ORDERED.