**UNITED STATES of America**

v.

**Celso VILLEDA.**

**Crim. No. B–90–44 (WWE).**

United States District Court, D. Connecticut.

April 3, 1991.

Stephen V. Manning, Barbara Bailey Jongbloed, Asst. U.S. Attys., for U.S.

V. James Ferraro, New Haven, Conn., for Villeda.

## RULING ON DEFENDANT'S MOTION FOR NEW TRIAL

EGINTON, District Judge.

Defendant Celso Villeda has filed this motion for a new trial, pursuant to Fed.R. Crim.P. 33, following the return of a jury verdict which found him guilty on all six counts of an indictment. Defendant seeks a new trial based on the court's responses to several written questions posed by the jury during the time of their deliberations. For the reasons set forth below, the defendant's motion for a new trial will be denied.

## FACTS

On January 23, 1991, during the course of their deliberations, the jury asked sever-

al questions through handwritten notes. The first note, to which there is no objection, queried if all twelve jurors had to arrive at a unanimous verdict of guilty or innocent. The court responded in the affirmative. The second and third notes, respectively, sought definitions for: "predisposed" and "entrapment". In response to these questions, and absent objection by either party, the court re-read the jury instruction on entrapment. The fourth note, to which there is no objection, asked if "induced" and "initiated" are synonymous. The court responded in the affirmative.

Late in the day of January 23, the fifth and final question was posed: "Is it legal to trap a guilty person?" Due to the late hour, the court reserved on answering the question until the following morning, dismissing the jury for the night, and instructing the attorneys to consider an appropriate response to the question. On the morning of January 24 the court expressed the opinion that question five was not properly answered by a "yes" or "no" reply, and that the most appropriate response was to again re-read the jury charge's entrapment defense. The government did not object. The defense objected on the grounds that "no" was the correct answer to the question. The defense did not specifically object to the court's decision to re-read the entrapment defense.

The jury was given identical interrogatories to answer for each of the indictment's six counts. The jury interrogatory and verdict form read:

1. Was Celso Villeda induced by any government agent to commit this crime?  Yes _____    No _____
    (If your answer is "Yes" to question 1, then answer question 2.  If your answer is "No" to question 1, then go directly to question 3.)
2. Was Celso Villeda predisposed to commit this crime?
                Yes_____    No_____
    (Answer question 3.)
3. We, the jury, find the defendant
        Guilty _____    Not Guilty _____
    of Count [One through Six] of the Indictment.

---

On January 24 a verdict of guilty was returned on each of the six counts. The jury's six interrogatory and verdict forms were consistent with this verdict.

## DISCUSSION

■ Pursuant to Fed.R.Crim.P. 33, the court may grant a motion for a new trial "if required in the interest of justice." While the court enjoys wide discretion in its consideration of a motion for a new trial, such a motion is only "cautiously and sparingly" granted. Nevertheless, even though the verdict of a jury must be accorded respect, "where justice dictates that a verdict should not stand, the Court is under a duty to act." *United States v. Hurley*, 281 F.Supp. 443, 449 (D.Conn.1968).

■ Defendant claims that the court's re-reading of the jury charge in response to the second question, seeking a definition for "predisposed", and the court's failure to answer "no" to the fifth question: "Is it legal to trap a guilty person?", were insufficient responses and constitute reversible error. It is incumbent upon the court to "provide the jury with sufficient instruction to enable it to assess the evidence within the proper legal framework and to reach a rational verdict". *United States v. Parker*, 903 F.2d 91, 101 (2d Cir.1990). The court is in the best position to sense whether the jury is experiencing confusion during their deliberations, as well as to determine the most appropriate remedy to cure any perceived or actual confusion. *United States v. Parker* at 101–102. In fashioning a response to an inquiry made by a jury involved in deliberations the court enjoys considerable discretion. *United*

738

*States v. Read,* 658 F.2d 1225, 1241 (7th Cir.1981).

In the instant action, it was a reasonable exercise of the court's discretion to re-read the entrapment section of the jury charge in response to the jury's questions. An adequate definition of "predisposed" was provided in the entrapment defense, while the possibility for an incorrect "yes" or "no" answer to the jury's fifth question was avoided. The entrapment charge utilized by the court, as well as the jury interrogatory and verdict forms, have been specifically approved by the Second Circuit. *See, United States v. Dunn,* 779 F.2d 157 (2d Cir.1985).

## CONCLUSION

For the reasons articulated above, the defendant's motion for a new trial is DENIED.

SO ORDERED.